**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Anne Martinez, | No. CV-26-01280-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| John Bishop, | |
| Defendant. | |

Plaintiff Carol Anne Martinez, as the personal representative of her brother John Clark's ("Decedent's") estate, filed a lawsuit against John Bishop after he took possession of an airplane Decedent had purchased before he died. (Doc. 1.) She alleges conversion and civil theft of the airplane. (Doc. 1 at 506.) She now moves to amend the complaint to add Danny Whaley, the individual who sold the airplane to Decedent. (Doc. 51 at 4.) Martinez hopes to pursue breach of contract, unjust enrichment, and promissory estoppel claims against Whaley based on that sale. (*See* Doc. 51-1 at 7-9.) Bishop opposes the motion to amend, arguing amendment would be futile because Martinez cannot establish the legal elements of the proposed claims. (Doc. 55 at 8.)

Courts "freely give leave" to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). However, they have discretion to deny leave to amend in cases where, among other things, amendment would be futile. *Ctr. for Biological Diversity v. United States Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023). Amendment is considered futile when the complaint "could not be saved by any amendment" or will "inevitably" be defeated upon

responsive briefing. *Id.* (simplified); *see Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim"). In considering futility, the court accepts the complaint's allegations as true. *Borges v. City of Hollister*, No. C03-05670 HRL, 2005 WL 589797, at *2 (N.D. Cal. Mar. 14, 2005); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Bishop's response exhaustively describes his view of the facts of this case. (Doc. 55 at 2-8.) His futility arguments rest on those facts. (*See* Doc. 55 at 4, 8-10 (largely because his evidence will show Whaley and Decedent "never once spoke," arguing Martinez cannot prove a contract existed between Decedent and Whaley, cannot show Whaley was unjustified in being enriched, and cannot show Whaley made any promises to Decedent).) But none of those facts matter for this order, because the court cannot determine factual issues at this stage and instead must accept Martinez's allegations as true. *Borges*, 2005 WL 589797, at *2.

Martinez's allegations surpass the bar for a finding of futility. She has alleged Decedent and Whaley executed a contract for the sale of the airplane (*see* Doc. 51-4 at 5), which was breached when Whaley transferred the plane to Bishop "without authority" (Doc. 51-1 at 8). She also alleges Whaley made promises on which Decedent relied and that Whaley was unjustly enriched by these events. (Doc. 51-1 at 8-9.) She has therefore shown a set of facts that, if proven, could constitute a valid claim. *Miller*, 845 F.2d at 214. Her motion is granted.

/

/

/

/

/

/

/

Accordingly,

**IT IS ORDERED** the Motion to Amend (Doc. 51) is **GRANTED**. Plaintiff shall file the amended complaint within three days of this order.

**IT IS FURTHER ORDERED** as soon as practicable, plaintiff shall serve Whaley and file proof of service on the docket.

Dated this 17th day of July, 2026.

Honorable Krissa M. Lanham
United States District Judge